UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-80658 |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | CHAPTER 9 |
| DISTRICT # 501 OF DOUGLAS | ) | PLAN OF ADJUSTMENT |
| COUNTY, NEBRASKA, | ) | |
| | ) | |
| Debtor. | ) | |

This Plan of Adjustment (this "Plan") is proposed and made by Sanitary and Improvement District #501 of Douglas County, Nebraska (the "District"). The provisions of this Plan have been promulgated to meet the confirmation standards under the United States Bankruptcy Code (the "Code") and, specifically, the provisions of Chapter 9 and, as applicable, Chapter 11 thereof. This Plan should be carefully reviewed in conjunction with the Disclosure Statement which will be filed concurrently herewith, as may be amended by filing with the United States Bankruptcy Court for the District of Nebraska (the "Court").

## I. DEFINITIONS

All capitalized terms shall have the meaning given to them herein, unless context clearly requires otherwise. Capitalized terms defined in the Code and not otherwise defined herein shall have the meaning ascribed to them in the Code.

**Administrative and Priority Claims** shall mean and include the allowed (i) actual and reasonable costs and expenses incurred for services in connection with this case, including the fees of the District's attorneys, accountants and other professionals; (ii) all of the District's cost in preserving the assets of District's bankruptcy estate; (iii) the fees of the Paying Agent incurred for any services provided prior to the Effective Date; and (iv) any and all other claims granted priority status under Section 507(a) of the Code.

**Board** shall mean the Board of Trustees of the District, as duly elected or appointed under Nebraska law.

**Bonds** or **Post-Petition Bonds** shall mean all bonds issued by the District following the Effective Date and prior to the Termination Date.

**Certificate** shall be the Certificate of Indebtedness issued to Pre-Petition Construction Fund Warrant Holders in exchange for such Pre-Petition Construction Fund Warrants and shall include and refer to any alternate name of such Certificates of Indebtedness, indicating a right to payment distinct from the Post-Petition Bonds, Post-Petition Construction Warrants and General Fund Warrants.

**Claims** shall mean (i) a claim which has been listed by the District on its schedules and (ii) any other claim as the term is defined in Section 101(5) of the Code.

**Confirmation Order** shall mean the order signed and entered by the Court confirming this Plan.

**Construction Fund** shall mean bond fund/bond sinking fund/construction fund of the District maintained by the County Treasurer of Douglas County, Nebraska, as the ex officio Treasurer of the District, the monies in which are held for the purpose of making payment upon the Pre-petition Construction Fund Warrants and for the payment of the principal and interest on the Bonds and Pre-petition Construction Fund Bonds of the District.  The Construction Fund shall include certain allocated tax revenue, special assessments and Bond proceeds.

**Creditor** shall mean the owner or Holder of any Claim.

**Disclosure Statement** shall mean the document filed in this case by the District pursuant to Section 1125 of the Code, as may be amended, modified or supplemented by the District and approved by this Court.

**Effective Date** shall mean the date which shall be ninety (90) days following the Confirmation Order or other date approved by the Court.

**Filing Date** shall mean the date upon which the Petition seeking voluntary relief pursuant to provisions of Chapter 9 of the Code was filed by the District.

**Final Order** shall mean an order of judgment of a court which (i) shall not be reversed, stayed, modified or amended and the time for which to appeal or seek review or rehearing shall have expired or (ii) if appealed, the operative effects of such appealed order or judgment shall not have been stayed or superseded so that the appealed order or judgment is legally enforceable.

**General Fund** shall mean the funds of the District maintained by the County Treasurer of Douglas County, Nebraska, as the ex officio Treasurer of the District, and accumulated and held for the purpose of making payment upon General Fund Warrants. The General Fund shall include certain allocated tax revenue of the District.

**General Fund Warrants** shall mean those warrants issued by the District, payable from the General Fund of the District issued or sold to Holders of the same as investments or held in exchange for services rendered by the Holder of the warrant or the immediate or remote transferor of the warrant.

**Holder** shall mean the person legally entitled to receive payment of principal or interest on a particular Pre-Petition Bond, Post-Petition Bond, General Fund Warrant, Pre-Petition Construction Fund Warrant or Certificate.

**Paying Agent** shall mean First National Bank of Omaha, or any duly appointed successor.

**Pre-petition Bonds** shall mean the existing bonds issued by the District on or before the Filing Date and any bonds or their evidence of indebtedness issued by the District to refund, replace or refinance such Pre-petition Bonds.

**Pre-petition Construction Fund Warrants** shall mean those warrants payable from the Construction Fund of the District issued in accordance with Neb. Rev. Stat. §31-755, for capital outlay expenditures and interest and sold by the payees to Holders of the same as investment other than General Fund Warrants.

**Pro Rata Share** shall mean the fractional interest of any Pre-petition Construction Fund Warrant Holder, the numerator of which shall be the amount of principal and interest owed on such Pre-petition Construction Fund Warrant and the denominator of which shall be the sum of all amounts owed on all Pre-petition Construction Fund Warrants.

**Termination Date** shall mean the earlier of 1) the date upon which the District has made payment in full on all Certificates or 2) the date twenty (20) years from the Effective Date, whichever occurs first.  This Plan shall only govern the District's obligations during the period between the filing of the Chapter 9 Bankruptcy Petition and the Termination Date.

## II. CLASSES AND TREATMENT OF CREDITORS

1.    <u>Administrative and Priority Claim Holders</u>.  The Holders of Administrative and Priority Claims shall be paid in full.  The Administrative and Priority Claims currently consist of expenses for services rendered by and for reimbursement of out-of-pocket expenses of the District's legal counsel, Pansing Hogan Ernst & Bachman LLP of Omaha, Nebraska.  Pansing Hogan Ernst and Bachman shall be paid based upon hourly rates for partners, associates, paralegals, legal assistants and administrators, at standard rates for such particular services.

2.      Pre-Petition Bond Holders.  The Holders of Pre-petition Bonds of the District shall be paid principal and accrued interest in full.  The Holders of Pre-petition Bonds shall be paid in accordance with the terms of the Pre-petition Bonds as issued, with payments of interest and principal being made at regular intervals as legally required thereunder.  Due to the statutory and constitutional preferences for the Pre-petition Bonds under the laws of the State of Nebraska, the payment to the Holders of the Pre-petition Bonds shall not in any way be affected by this Plan.  The Holders of the Pre-petition Bonds shall be paid in full.  The Holders of the Pre-petition Bonds are not impaired, as the terms used in the Code.

3.      General Fund Warrant Holders.  The Holders of the General Fund Warrants shall be paid principal and accrued interest in full as set forth in this Plan.  Payment of General Fund Warrants is necessary for the continuation of basic necessities of the District, including basic utilities and reasonable property maintenance expenditures.  The Holders of General Fund Warrants shall be paid in full and are not impaired, as the term is used in the Code.

4.      Pre-Petition Construction Fund Warrant Holders.  The Claims of the Holders of Pre-petition Construction Fund Warrants are impaired, as the term is used in the Code.  In full and complete satisfaction of the Claims of the Pre-petition Construction Fund Warrant Holders, the Pre-petition Construction Fund Warrants shall be paid in accordance with this Plan.

**III. REPAYMENT OF PRE-PETITION CONSTRUCTION FUND WARRANTS**

A.  Payment and Exchange.  Pre-petition Construction Fund Warrants shall be paid as follows:

1.  Initial Cash Disbursement.  Not later than the date sixty (60) days following the Effective Date, all funds held in the Construction Fund shall be allocated as set forth

in Article V.   Thereafter, all funds not otherwise allocated shall be paid to the Certificate Holders based upon the Pro Rata Share of each.

2.   <u>Certificate Issuance</u>.  Not later than the date sixty (60) days following the Effective Date, all Pre-petition Construction Fund Warrant Holders shall be issued Certificates in the amounts representing the Holder's Pro Rata Share of the Pre-petition Construction Fund Warrants, including principal and interest , conditional upon the delivery of such Pre-petition Construction Fund Warrant, as set forth in Article IV, below.

All Pre-petition Construction Fund Warrants shall be granted equal priority.   No preference shall be given to the Pre-Petition Construction Fund Warrants based upon date of issuance.  For the purpose of determining interest accrual of the Pre-petition Construction Fund Warrants, interest on Pre-petition Construction Fund Warrants shall be deemed to continue to run from the Petition Date to the Effective Date at the rate stated thereon.

B.    <u>Modification of Terms</u>.  The balance due on the Pre-petition Construction Fund Warrants and the manner of computing interest on such Pre-petition Construction Fund Warrants shall not change by operation of this Plan except as otherwise stated in this Section B.  The Plan modifies the manner and timeline for repayment of the Pre-petition Construction Fund Warrants in the following ways:

1.   No priority shall be granted among the Pre-petition Construction Fund Warrants based upon the date of issuance or warrant number thereof, including preference for the order or manner in which Warrants are redeemed.

2.   The time for payment of interest and principal on the Pre-petition Construction Fund Warrants shall be paid as follows:

a. Payments of principal and interest will not be made as required by the original terms of the Pre-petition Construction Fund Warrants.

b. Pre-petition Construction Fund Warrants shall accrue interest at the interest rate stated thereon to the Effective Date on which date (i) such Pre-petition Construction Fund Warrants shall cease to independently accrue interest, and (ii) the Certificates will be issued dated as of the Effective Date and will accrue interest from and after the Effective Date at the rate specified in subsection f, below.

c. Pre-petition Construction Fund Warrants, whether or not exchanged for Certificates, shall be terminated and shall provide no right to payment as of the Effective Date.

d. Certificates shall be deemed to not be in default, so long as the District is not in default of its obligations under this Plan.

e. Certificates shall be paid from the proceeds of general taxes, special assessments, or the issuance of Post-petition Bonds with the District obligated to use reasonable and diligent efforts to satisfy such Certificates.

f. Certificates shall accrue interest on the unpaid balance of principal and interest from time to time at the compounded interest rate of four (4%) percent per annum compounded annually on the anniversary of the Effective Date from and after the Effective Date until fully paid. The District's Paying Agent shall maintain appropriate files in which interest accruals, and payments of principal and/or interest are recorded.

**3.      Regardless of whether or not there is an outstanding balance due on any or all Certificates as of the Termination Date, and provided the District has satisfied its obligations under Article VI of the Plan, all obligations of the District regarding the unpaid balance of the Certificates shall terminate as of the termination date, at which time, the District shall have no further obligation to the Holder of any unpaid Certificates.**

## IV. CERTIFICATE ISSUANCE

This Plan requires, and the Bankruptcy Court will be requested as part of the Confirming Order to require, the Holders of Pre-petition Construction Fund Warrants to deliver to the Paying Agent any Pre-petition Construction Fund Warrants held by any Holder.  No payment shall be made to the Holder of any Pre-petition Construction Fund Warrant unless said Holder has delivered to the Paying Agent the physical Pre-petition Construction Fund Warrant issued by the District or, in the event that the Pre-petition Construction Fund Warrant is lost or destroyed, an Affidavit of Lost or Destroyed Security and Indemnification thereon.  The District shall, through itself or through the Paying Agent, notify the holders of all Pre-Petition Construction Fund Warrants of the address to which the original Pre-Petition Construction Fund Warrants are to be submitted to the Paying Agent.   Such Notice shall set forth the date by which the Pre-Petition Construction Fund Warrants must be received for exchange for Certificates, which shall not be later than the Effective Date.

In exchange for Pre-petition Construction Fund Warrant, the District shall direct the Paying Agent to deliver to the Creditor having provided the Pre-petition Construction Fund Warrant to the Paying Agent, or to such Creditor's assignee, a Certificate dated as of the Effective Date in the face amount of the Pre-petition Construction Fund Warrant delivered by the

Creditor, plus any accrued and unpaid interest thereon.  Each Certificate shall include the Termination Date.

All Certificates shall be issued on or before the Effective Date, and shall be delivered to the Certificate Holder, or Certificate Holder's agent, within thirty (30) days of issuance.   For the purpose of determining interest accrual of the Certificates, interest on all Certificates shall be deemed to accrue from the Effective Date and shall continue to accrue on the unpaid balance of principal and interest at the compounded interest rate of four (4%) percent per annum compounded annually on the anniversary of the Effective Date.  Interest accruals on all Pre-petition Construction Fund Warrants will cease on the day before the Certificates are issued.

The Certificates issued pursuant to this Plan shall bear clear and unequivocal language identifying that the Certificates are (i) subject to the payment terms set forth in the Plan, (ii) are not guaranteed to pay full interest or return principal face value, and (iii) are not subject to guarantee under Neb. Rev. Stat. §31-755.   The Certificates shall accrue interest on the unpaid balance of principal and interest from time to time at the compounded interest rate of four (4%) percent per annum compounded annually on the anniversary of the Effective Date until the Termination date, subject to the terms of this Plan.

In order to ensure that a Pre-petition Construction Fund Warrant Holder cannot continue to hold Pre-petition Construction Fund Warrants with a view towards redemption based on the terms thereof, any and all outstanding Pre-petition Construction Fund Warrants not delivered to the Paying Agent prior to the Effective Date  shall be deemed cancelled and of no further force and effect.  In the event a Pre-petition Construction Fund Warrant is presented to the District or Paying Agent at any time following the exchange deadline established above, the District may, in

its absolute discretion, choose to exchange such Pre-petition Construction Fund Warrant for a Certificate payable hereunder.

## V. ALLOCATION OF DISTRICT FUNDS

The District shall, not later than the date sixty (60) days following the date of Effective Date, deliver all the cash and investments with accrued interest thereon on deposit in the Construction Fund as follows:

a)   Administrative and Priority Claims shall be paid in full from the Construction Fund.

b) An amount of not more than $175,000 shall be transferred from the Construction Fund to the General Fund to pay as many General Fund Warrants and accrued interest thereon as possible in order of registration.  All unpaid and outstanding General Fund Warrants shall be paid out of the General Fund in the order of registration as receipts are received in the General Fund.

d) An amount necessary to fund the Bond Sinking Fund under Article VII, Section D, shall be set aside in the Construction Fund.

e) The remaining funds not allocated above, if any, shall be paid to the Certificate Holders in accordance with their respective Pro Rata Share with such payments applied first to unpaid principal and the remainder, if any, to accrued interest.

## VI. POST-PETITION BOND ISSUANCE

1.      The District shall have an obligation throughout the term of this Plan to periodically issue Post-petition Bonds in a manner which would be advantageous to the District and to Certificate Holders.  Considerations to be made by the District as part of such issuance process shall include, but need not be limited to, interest rates, prevailing tax rates, total valuation of property subject to the District's taxing authority and general market conditions.

2.      In the event the District issues Post-petition Bonds, the term of such Post-Petition Bonds shall be based on the year of issuance, as follows:

| | |
|---|---|
| Plan Years 1 through 15: | 20 year Bonds |
| Plan Year 16: | 19 year Bonds |
| Plan Year 17: | 18 year Bonds |
| Plan Year 18: | 17 year Bonds |
| Plan Year 19: | 16 year Bonds |
| Plan Year 20: | 15 year Bonds |

"Plan Year" as used in this Subsection 2 shall mean each one year period during the term of this Plan which ends on the Termination Date beginning with the Confirmation Date.

3.      The Post-petition Bonds shall be payable from the Construction Fund, and expenses associated therewith, including Bond Sinking Fund expenditures under Article VII, Section D, shall be allowed expenses of the District.

4.      The District shall be specifically obligated to issue Post-petition Bonds in the six (6) months prior to the Termination Date, and such Post-Petition Bonds so issued shall be the maximum amount supported by a Construction Fund levy of Seventy Cents ($0.70) and shall be issued for a term of not less than fifteen (15) years, unless the Certificates can be fully paid out of the amounts held in the Construction Fund over and above the Bond Sinking Fund established in Article VII, Section D or proceeds of real estate taxes without such Bond issuance in which case such Certificates shall be fully paid from either or both such sources to the extent that the Bond Sinking Fund established in Article VII, Section D can be retained.

5.      The issuance of Post-petition Bonds as contemplated by Sections 2 and 4 of this Article VI shall be based on a bond levy of Seventy Cents ($.70) per One Thousand Dollars of valuation.

6.      The Post-petition Bonds shall be specifically guaranteed as Construction Fund Bonds, superior in priority to the claims of General Fund Warrant Holders. Bonds shall be granted the priority set forth under Neb. Rev. Stat. §31-755.

## VII.  OPERATION OF THE DISTRICT

From the date upon which the Confirmation Order is entered and until the Termination Date, the operation of the District shall be governed by the terms of this Plan.  This Plan may not be amended except by Court order.

A.      **District Funds and Revenue.**

1.      <u>District Funds</u>.  All monetary assets of the District are held in either the General Fund or the Construction Fund.  The General Fund exists for the purpose of holding funds used in the operation of the District and for payment of General Fund Warrants.  Following confirmation of the Plan, the General Fund would hold amounts used for the operating budget of the District and payment of General Fund Warrants and to maintain the Emergency Fund established by Section B, below, with any excess funds being held for the purpose of distribution to the Certificate Holders.

The Construction Fund receives an allocated portion of the District's tax revenues.  Amounts held in the Construction Fund following confirmation of this Plan will be held or distributed as provided in Article V, above.

2.      <u>District Tax Rate</u>**.**  The current tax rate for real estate located within the jurisdiction of the District is Ninety Cents ($0.90) per One Hundred Dollars ($100.00) of

assessed valuation (the "Tax Levy").  The Tax Levy allocated to the Construction Fund shall initially be Fifty Cents ($.50) of the overall Tax Levy, with the remainder of the Tax Levy allocated to the General Fund.  This initial allocation shall continue until such time as Post-Petition Bonds are issued. Thereafter, the portion of the Tax Levy allocated to the Construction Fund may be increased so that the total Tax Levy to be allocated to the General Fund provides enough revenue to fund the District budget set forth in Section C, below, to currently operate the General Fund and fund its Emergency Fund, as established by Section B, below. The remainder of the Tax Levy shall be thereafter allocated to the Construction Fund, to a maximum of Seventy Cents ($.70) of the overall Tax Levy to be allocated to the Construction Fund.  Within the limits established above, the District may modify the allocation of the Tax Levy in its discretion.  To the extent deemed appropriate by the District, if the portion of the Tax Levy allocated to the Construction Fund is at its Seventy Cent ($.70) maximum, the overall Tax Levy may be reduced, so long as the allocation to the Construction Fund is not reduced from Seventy Cents ($.70).  The revenue from the Tax Levy shall be distributed among the General Fund and the Construction Fund in the same proportion as the Tax Levy allocation.

3.      Tax Levy Modification.      Except as otherwise contemplated herein, the distribution of the Tax Levy between the General Fund and the Construction Fund shall not be altered or amended prior to the termination date except to decrease the proportion allocated to the General Fund and increase the proportion allocated to the Construction Fund.  The portion of the Tax Levy allocated to the Construction Fund may not be reduced prior to the Termination Date without court order after hearing involving the Certificate Holders.  After the Termination Date, the Tax Levy may be adjusted and

altered provided always that the Tax Levy assigned to the Construction Fund shall be sufficient to meet all necessary payments on the Bonds issued by the District.

B. **Emergency Fund.** The District may, at its discretion, retain up to Thirty Thousand and no/100 Dollars ($30,000.00) per year over and above the District's operating budget as an emergency fund. The emergency fund shall be used solely in the event of an emergency, defined for the purposes of this Plan as an event or circumstance requiring timely corrective action or an event which occurs where further significant damage or expense is likely to occur unless corrective action is taken within a reasonable period of time. In no event shall the emergency fund be permitted to accumulate more than One Hundred Thousand and no/100 Dollars ($100,000.00). The District shall have the authority to use some or all of the emergency fund to cover present expenses of the District. In the event that the available emergency fund is not sufficient to cover the costs of an emergency, the District may petition this Court for permission to spend additional funds of the District, and the Court, after hearing noticed to the Certificate Holders in which the Certificate Holders may participate and be heard, shall determine whether such expenditure is reasonable and in the best interest of the parties.

C. **District Operating Budget.** The budget of the District in the year following the Confirmation Order shall be One Hundred Ten Thousand Dollars ($110,000). For each year thereafter, the budget shall increase three percent (3%) annually. At all times following the Confirmation Order, the Tax Levy allocated to the General Fund shall be at least equal to the amount necessary to fund the operating budget from the General Fund. The District shall be required to pay its ordinary operating expenses and maintenance expenses within the terms of the budget, and may not exceed the budget without an order of the Court. The Board may spend less than the maximum budget allowed, in its discretion.

D.      **Bond Sinking Funds.**  The District shall maintain sinking funds related to the Pre-petition Bonds and Post-petition Bonds issued by the District.  The sinking funds shall be kept in an amount determined by the District to be necessary to meet ongoing payment obligations of the Bonds.  Such bond sinking fund is not expected to exceed Two hundred percent (200%) of annual debt service for such Bonds, but my be subject to adjustment as necessary to pay current the Bonds of the District, particularly after the issuance of Post-Petition Bonds.

E.      **Payment of Unimpaired Debts.**  The District shall, within ninety (90) days following the entry of the Confirmation Order, bring current any arrearages allowed to accrue before or during the pendency of this bankruptcy on any General Fund Warrants and any other payment obligation related to securities issued by the District except payments upon Construction Fund Warrants issued prior to the commencement of this bankruptcy proceeding. Payments on Bonds, Certificates and securities issued by the District before, other than General Fund Warrants, during and after the pendency of this bankruptcy shall be kept current and the District shall not allow such securities to go into default under their terms, except as permitted by this Plan.  General Fund Warrants shall be paid in order of registration as funds of the District allow, and shall be paid within one (1) year of maturity.

F.      **Payment to Paying Agent for the benefit of Certificate Holders.**  Following the payment and reservation of other amounts contemplated by this Plan, the Construction Fund, including the revenue attributed thereto and funds held therein, shall be held for the benefit of the Certificate Holders, Pre-petition Bond Holders and Bond Holders as required by this Plan. The revenue of the District from the Tax Levy, sewer connection fees, and all other revenue, less amounts to be paid or held by this Plan, including payment on General Fund Warrants and

Bonds, the budget, emergency fund, and bond sinking fund set asides, shall annually be computed as the amount available for distribution to the Certificate Holders.

On or before the last day of December of each year, the District and Paying Agent shall meet to calculate the funds, if any, to be delivered to the Paying Agent for such year.  In any year during which there are no funds available for distribution to the Certificate Holders, or amounts available for distribution, including amounts accrued from previous years, do not total at least One Hundred Thousand and no/100 Dollars ($100,000.00), the District shall not be required to make a distribution to Paying Agent for the benefit of the Certificate Holders.  In any year that there is greater than One Hundred Thousand and no/100 Dollars ($100,000.00) available for distribution to the Certificate Holders, the District shall distribute to the Paying Agent amounts available.  The Paying Agent shall, within thirty (30) days of receipt of such funds, pay to the Certificate Holders their respective Pro Rata Share of such amounts.  It is intended, to the greatest degree possible under the terms of this Plan, the Certificates shall be issued, paid and redeemed in a manner consistent with and allowing for tax exempt status under applicable Internal Revenue Service regulations.  Payments will be first applied against outstanding principal amounts and then to unpaid interest, if any, on such Certificates.  The provisions of this subsection shall not be interpreted as a limitation on the ability of the District to make a distribution for the benefit of Certificate Holders at any time that the District determines that it is advisable to do so, the District may make a distribution of available funds to Certificate Holders, regardless of whether such a distribution is mandated by the provisions hereof.

The Paying Agent shall initially be paid the sum of Two Thousand Dollars ($2,000.00) as an Administrative Expense. The Paying Agent shall be paid the sum of One Thousand Dollars ($1,000.00) in any year in which Certificates are issued or in which distributions are made to

Certificate Holders.  No such payment shall be paid to the Paying Agent for providing services related to the Certificates in any year in which no Certificates are issued and no distributions are made to Certificate Holders.  The Paying Agent may collect reasonable fees for administering or recording transfers of Certificates by, to, or among holders thereof.  Nothing in this paragraph shall be deemed to prohibit the District from compensating the Paying Agent, or any other party, for services provided in the servicing of securities issued by the District other than Certificates.

Distributions shall be made to the Certificate Holders pursuant to this Plan until all amounts of principal and interest due under the Certificates are paid in full, or until the Termination Date, whichever occurs first.  In the fiscal year during which the Termination Date occurs, any funds which would be available for distribution to the Certificate Holders shall be so distributed, without regard to the One Hundred Thousand and no/100 Dollars ($100,000.00) minimum distribution amount set forth above.

In no event shall distributions be made in excess of amounts necessary to pay principal and interest outstanding on the Certificates.  If, during the year in which the Termination Date occurs, the Certificates have not been paid in full, and there are funds held in the Construction Fund over and above the Bond Sinking Fund established in Article VII, Section D or the emergency fund of the District, or both, the District shall distribute all such funds held in both such fund(s), calculated as of the Termination Date, to the Certificate Holders.

Provided the Certificate Holders have been paid the principal and interest payments to which they are entitled under this Plan, the unpaid balance of such Certificates shall not be honored following the Termination Date, and shall not continue to be an obligation of the District past such date, whether or not the balance of the Certificates was paid in full.  No

Creditor of the District or Pre-petition Construction Fund Warrant Holder shall have any right to receive payment on the Pre-petition Construction Fund Warrants except as set forth in this Plan.

## VIII. IMPLEMENTATION OF THE PLAN

The implementation and consummation of this Plan shall occur as follows:

A.    **Voting Procedures and Effective Date.**    Copies of this Plan and the accompanying Disclosure Statement shall be sent by the District to all Pre-petition Construction Fund Warrant Holders, along with a ballot included for the purpose of voting in favor of or against the Plan.  Only by completing, signing and returning the ballot may a creditor vote for or against this Plan.

In order for this Plan to become effective, the following conditions must be met:

(a)    The Plan must have been accepted by the Holders of at least two-third (66.7%) in amount and more than one-half (50%) in number of the Pre-petition Construction Fund Warrant Holders.

(b)    The Court shall have confirmed the Plan as required by the terms of this Plan and by Section 1129 and Section 943 of the Bankruptcy Code.

B.    **Other Documents.**  All parties, by agreeing to the terms of this Plan, agree to execute and deliver, as appropriate, all documents reasonably required to implement and effectuate the terms of this Plan.

## IX. RETENTION OF JURISDICTION, ENFORCEMENT,

## SETTLEMENT OR ADJUSTMENT TO CLAIMS

The Court shall retain exclusive jurisdiction of all matters arising under, or related to, this case, until this case is closed, specifically limited, however to the following:

A.      To classify, allow or disallow Claims, direct distributions under the Plan and adjudicate all controversies concerning classifications, objections to or allowances of any Claim.

B.      To enforce post confirmation performance of the Plan against any person with regard to the District's Chapter 9 estate, but not otherwise.

C.      To herein determine all Claims arising from the rejection of executory contracts and leases, if any, which are included in the District's Chapter 9 estate and to consummate rejection and termination thereof in connection with the Debtor's Chapter 9 estate, but not otherwise.

D.      To liquidate damages or estimate Claims in connection with any disputed, contingent, or unliquidated claims.

E.      To adjudicate the validity of or the authority of the District to make or undertake any purchase, sale or contract made or undertaken by the District during the pendency of the District's Chapter 9 case.

F.      To recover all assets and property belonging to the District's Chapter 9 estate wherever located.

G.      To hear and determine all actions and proceedings which relate to pre-confirmation matters brought by the Debtor arising in or relating to this case or arising under the Bankruptcy Code, whether such action or proceeding is brought before or after the Filing Date.

H.      To hear and determine all controversies, suits, and disputes that may arise as to pre-confirmation matters and the interpretation of or enforcement of the Plan or the provisions of the Disclosure Statement.

I.      To hear and determine all requests for compensation and/or reimbursement of expenses by professionals retained by the District which may be made after the Confirmation Date.

J.      To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary or desirable for the successful implementation of the Plan as provided in Section 945 of the Code.

## X. MODIFICATIONS TO PLAN

This Plan may be modified, amended or corrected under Section 942 of the Code upon application of the District at any time prior to the entry of the Confirmation Order without notice and hearing and without additional disclosure pursuant to Section 1125 of the Bankruptcy Code, provided, however, that the Court find that such modification or correction does not materially and adversely affect any Creditor or the Claim of any creditor.  The Plan may be modified after confirmation upon order of the Court after such notice and opportunity for hearing as may be appropriate.

## XI. BINDING EFFECT AND DISCHARGE

Confirmation of this Plan shall bind all persons and entities as provided by Section 305 of the Code and the obligations of the Debtor shall be only those as described and included in this Plan.  All other obligations of the District, including but not limited to those of Pre-petition Construction Fund Warrant Holders, shall be discharged.

Confirmation of the Plan will not discharge any claims which any creditor or interest Holder of the District may have against any third party.

The Court, in the Confirmation Order, and at its discretion, will, by its specific language, forever prohibit persons from taking any action in any way which may be inconsistent with this Plan or in violation of the terms or legal effect of the Confirmation Order.

Dated this 4th day of April, 2014.

**SANITARY AND IMPROVEMENT DISTRICT    #501    OF    DOUGLAS COUNTY, NEBRASKA**, Debtor

/s/ Mark J. LaPuzza_____
Mark J. LaPuzza, #22677
Pansing Hogan Ernst & Bachman, LLP
10250 Regency Circle, Suite 300
Omaha, Nebraska 68114
(402) 397-5500
mjlbr@pheblaw.com